UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON CAVALLARO,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　1:14-CV-0673
　　　　　　　　　　　　　　　　　　　　　　　(GTS/ATB)

SALVATORE RENO,

                Defendant.
_____

SALVATORE RENO,

                Third-Party Plaintiff,

v.

DAVID K. BRANNON d/b/a D.K.B. BUILDERS,

                Third-Party Defendant.
_____

APPEARANCES:　　　　　　　　　　　　　　　　OF COUNSEL:

MAINETTI, MAINETTI & O'CONNOR, P.C.　　　　JOSEPH E. O'CONNOR, ESQ.
  Counsel for Plaintiff　　　　　　　　　　　　　　ALEXANDER E. MAINETTI, ESQ.
130 North Front Street
Kingston, NY 12402

HISCOCK & BARCLAY, LLP　　　　　　　　　　DAVID B. CABANISS, ESQ.
  Counsel for Defendant/Third-Party Plaintiff　　　BRIAN D. CASEY, ESQ.
80 State Street
Albany, NY 12207

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this personal injury action filed by Jason Cavallaro

("Plaintiff") against Salvator Reno ("Defendant" or "Third-Party Plaintiff"), is Third-Party

Plaintiff's motion for default judgment against David K. Brannon, d/b/a D.K.B. Builders ("Third-Party Defendant") pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 26.) For the reasons set forth below, Third-Party Plaintiff's motion is granted.

I.     **RELEVANT BACKGROUND**

On or about May 2, 2014, Plaintiff filed a Complaint against Defendant in New York State Supreme Court, asserting a claim of negligence arising from a slip-and-fall accident on a sidewalk outside a residential apartment building owned by Defendant, who is a resident of New Jersey. (Dkt. No. 1, Attach. 1.) On June 5, 2014, Defendant removed that action to this Court, based on diversity of jurisdiction. (Dkt. No. 1.)

On August 25, 2014, Defendant, as Third-Party Plaintiff, filed a Third-Party Complaint against Third-Party Defendant, asserting a claim for contribution and/or indemnification arising from Third-Party Defendant's alleged failure to replace a gutter system after removing it while performing roof work for Third-Party Plaintiff. (Dkt. No. 15, Attach. 1.)

On September 16, 2014, Third-Party Plaintiff served his Third-Party Complaint on Third-Party Defendant. (Dkt. No. 19.) As of the date of this Decision and Order, Third-Party Defendant has filed no Answer to that Third-Party Complaint. (*See generally* Docket Sheet.)

On December 2, 2014, Third-Party Plaintiff filed for entry of default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 23.) That same day, the Clerk of the Court entered default against Third-Party Defendant, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 25.) As of the date of this Decision and Order, Third-Party Defendant has not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

On December 23, 2014, Third-Party Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 26.) On January 5, 2015, Third-Party Plaintiff mailed a copy of his motion papers to Third Party-Defendant. (Dkt. No. 32.) As of the date of this Decision and Order, Third-Party Defendant has filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in his motion, Third-Party Plaintiff requests a default judgment entitling him to contribution from Third-Party Defendant for an amount to be determined at trial, following the finding by the trier of fact of the relative shares of culpability, if any, of the parties, including Third-Party Defendant. (Dkt. No. 27, at ¶ 9.) Familiarity with the particular grounds of Third-Party Plaintiff's motion for default judgment is assumed in this Decision and Order, which is intended primarily for the review of the parties.

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

**III.    ANALYSIS**

Third-Party Plaintiff's motion is unopposed. *See, supra,* Part I of this Decision and Order. In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

After carefully considering Third-Party Plaintiff's unopposed motion, the Court is satisfied that Third-Party Plaintiff has met his modest threshold burden in establishing entitlement to a default judgment against Third-Party Defendant. For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Third-Party Defendant. However, no Answer has been filed and no one has appeared on behalf of Third-Party Defendant. In addition, the Clerk has already entered default against Third-Party Defendant, and Third-Party Plaintiff has served Third-Party Defendant with his motion for the issuance of default judgment. However, Third-Party Defendant has still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of the Third-Party Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum v. Whalen*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for

4

relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For these reasons, the Court grants Third-Party Plaintiff's motion for the issuance of a default judgment pursuant to Fed. R. Civ. P. 55(b).

**ACCORDINGLY**, it is

**ORDERED** that Third-Party Plaintiff's motion for default judgment (Dkt. No. 26) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the amount of the default judgment against Third-Party Defendant shall be determined at trial after the trier of fact finds the relative share of culpability, if any, of Third-Party Defendant David K. Brannon, d/b/a D.K.B. Builders. A judgment in favor of Third-Party Plaintiff against Third-Party Defendant, pursuant to Fed. R. Civ. P. 55(b)(2), will be issued upon the conclusion of trial.

Date: April 21, 2015
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge